NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0323n.06

No. 24-3773

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jul 02, 2025
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| v. | ) ) | |
| SHANNON MATHENY, | ) | OPINION |
| Defendant-Appellant. | ) ) | |

Before: MOORE, GRIFFIN, and RITZ, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Shannon Matheny appeals the sufficiency of the evidence supporting his armed bank robbery, firearm, and drug-trafficking convictions, and he separately contends that he received ineffective assistance of trial counsel. We affirm.

Wearing a fake beard and sunglasses, Matheny walked into the First Federal Savings bank in Lorain, Ohio, brandished a silver gun, and demanded cash; he ultimately took about $4,000. When police officers stopped Matheny's car two days later, they discovered drugs, paraphernalia, and a gun. After that stop, officers searched a house where Matheny was staying and uncovered ammunition near two pill bottles with Matheny's name on them. Based on this and other evidence, a jury convicted defendant of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); possessing cocaine and fentanyl with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

On appeal, Matheny generically challenges the evidence supporting "all five convictions,"[1] but his briefing focuses on his armed bank robbery conviction, specifically one aspect of it. In just a few conclusory paragraphs, Matheny faults the government for not presenting "any direct eyewitness identification of Mr. Matheny as the individual who committed the bank robbery" or any direct "physical evidence" tying him to it. He discusses none of the elements of the charges against him and details no specific evidence deduced at trial that could undermine the jury's verdict. Indeed, he offers just one legal authority in support of this argument, our decision in *United States v. Sittenfeld*, 128 F.4th 752 (6th Cir. 2025), which rejected a sufficiency-of-the-evidence challenge given circumstantial evidence of guilt, *id.* at 771–74.

Defendants claiming insufficient evidence typically set forth the facts presented at trial and then argue why such facts were insufficient to satisfy the government's burden of proof for one or more elements of the crimes charged. Matheny's skeletal assertion that the lack of direct evidence means that we should set aside his convictions falls short of adequately presenting his sufficiency-of-the-evidence challenge for our review, and we thus deem it abandoned. *See, e.g.*, *United States v. Persaud*, 866 F.3d 371, 385 (6th Cir. 2017) ("Our case law makes clear that it is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." (alterations and citation omitted)).

And even if it was not abandoned, we see no reason to disturb the jury's verdict. A defendant claiming insufficient evidence to support a conviction "faces a high bar" on appeal. *Id.*

---

[1]He also briefly suggests that he should have been tried on the robbery charges separate from the drug-trafficking and firearm charges, because evidence relevant to the latter charges improperly led the jury to find him guilty of the robbery. He forfeited this issue by failing to list it in his statement of issues on appeal. *See United States v. Calvetti*, 836 F.3d 654, 664 (6th Cir. 2016). Even assuming the issue were preserved on appeal, Matheny did not object below, and he has not demonstrated that the district court committed plain error by allowing a single trial on these interrelated charges. *See United States v. Soto*, 794 F.3d 635, 656–57 (6th Cir. 2015).

at 380. This is because we must uphold a jury's conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We will sustain a conviction based on circumstantial evidence alone, and the evidence need not disprove every "hypothesis except that of guilt." *United States v. Lindo*, 18 F.3d 353, 357 (6th Cir. 1994) (citation omitted). A sufficiency claim does not require us to "weigh the evidence presented, consider the credibility of witnesses, or substitute our judgment for that of the jury." *United States v. Jackson*, 470 F.3d 299, 309 (6th Cir. 2006) (citation omitted). Rather, we "draw all available inferences and resolve all issues of credibility in favor of the jury's verdict." *Id.* (citation omitted).

Ample evidence supports the jury's finding that Matheny robbed the bank. Electronic data and eyewitness testimony showed he was near the bank during the robbery and was wearing clothes and carrying a bag like the robber's. One of Matheny's friends reviewed surveillance videos of the robbery and recognized not only the gun—which Matheny stole from her—but also Matheny himself. The car seen leaving the robbery matched one Matheny was previously tied to. Matheny's phone also revealed he owned and wore jeans that were "identical" to the robber's. And Matheny uncharacteristically displayed "a stack of cash" to a friend a few hours after the robbery.

Finally, Matheny contends that his trial counsel rendered ineffective assistance by failing to move to suppress evidence gathered during the traffic stop and the search of the residence. We seldom decide ineffective-assistance-of-counsel claims on direct appeal so that the parties may better develop the record in collateral proceedings. *See, e.g.*, *United States v. Levenderis*, 806 F.3d 390, 401–02 (6th Cir. 2015). Because Matheny provides no reason why we should

deviate from our general practice, we decline to address his claims of ineffective assistance. *See United States v. Franco*, 484 F.3d 347, 355 (6th Cir. 2007).

For these reasons, we affirm the district court's judgment and decline to address Matheny's ineffective-assistance-of-counsel claims.